McIlvaine, J.
We have considered a single proposition in this case, to wit: the true meaning of the phrase “ any owner of any factory or workshop,” as used in section 2573 of Revised Statutes, as amended April 19, 1883 (80 Ohio Laws, 188). The section reads as follows: “It shall be the duty of any owner or agent for owner of any factory, workshop, tenement house, inn or public house, if such factory workshop, tenement house, inn or public house be more than two Stories high, to provide a convenient exit from the different upper stories of said building, which shall be easily accessible in case of fire, and any owner or person having control of any such inn or public house where travelers or boarders are lodged in any story above the second *460 story of the building, shall also provide a good rope or other life line for each sleeping room for guests in such stories.”
The plaintiffs in error contend that this phrase means the owner of .the building used for the purpose of a factory or workshop, while defendants in error contend that it means the owner of the factory as such, whether he be the owner in fee of the building or not. It has not been claimed that the legislature intended to include both; and we think, although the words used are broad, the intention was to impose the duty required on one or the other and not on both. The reasons for this conclusion will appear from a close examination of the statute. The language is not any owner of a building, but any owner of a factory or workshop. Hence the solution of the proposition depends on the meaning of the words “ factory and workshop.”
That a factory or workshop is not synonymous with building must be admitted. The former can apply to a building only when used for the purpose of manufacturing ; the latter denotes the character of the structure without reference to the use to which it is applied. The distinction between a factory and a building, under this statute, does not depend upon the intent of the architect. If the building were constructed and fitted for the purpose of manufacturing, but was never used for such purpose, it would not be, a factory within the meaning of this statute, and, on the other hand, if the building were not constructed for the purpose of a manufactory, but were afterwards so used, it would be a factory. In either case it becomes a factory when so used. The legislature intended to provide for the safety of laborers or employees engaged in manufacturing. This is very clear. If the business of manufacturing in the building is discontinued, the duty of providing fire escapes does not rest on any owner, as it does not ’ where such business was never commenced. The owner of a building may have no interest in the use to which it is applied. Hence the owner of a building and the owner of a factory which is conducted in the building, may be different persons, and when this is so, the owner of the factory and not the owner in remainder or reversion of the building, is the *461 person on whom the statute imposes the duty. From this view of the case, it follows, that the averment in this petition that defendants had knowledge of, and consented to, the use of the property by their tenants as a factory and workshop is of no significance in the case. Knowledge of, or consent to, the use of the building is not the test of liability7. If the building were constructed and used for a factory by the owner who afterwards transfers the building in fee and the business to another, the duty of providing fire escapes thereafter devolves upon the purchaser who continues the business, and the grant- or is relieved therefrom. This proposition will not be questioned. We think the same result would follow the transfer of a life estate or an estate for years. The true test of liability7 is the possession and right to control the factory or workshop by one who is owner of the business or agent for such owner, although owner of the building for the time being only.
This proposition is exemplified in the case before us. The ownership of the factory or workshop was in Dreman & Co., a single factory, which occupied two buildings. The buildings were owned by the defendants in error, but by several and distinct titles. No community of interest between the several owners existed. The plaintiff’s intestate lost her life in the factory, but in which building is not averred and perhaps is unknown. Her death resulted from neglect to provide proper fire escapes from the factory. Surely the owner of one building would not be liable for the neglect of the owner of the other in providing fire escapes, unless it can be said the statute imposes a joint duty on the several owners in such case. We think, it cannot be so said.
The facts of this case illustrate the. construction which should be placed on this statute, to wit, that where the owner of the factory is one person and the owner .of the building in which the factory is located is another, the former is the person on whom the duty named in the statute is enjoined.
Again, in the absence of all legislation on the subject, the common law, founded on principles of right and justice, implies, from the relation of master and servant, a duty on the *462 former to provide reasonable means for the safety of tlie latter. Hence it is more reasonable to infer that the legislature intended to impose the duty required by this statute upon the owner of tbe factory, who assumes the relation of master to those employed therein, and for whose safety the duty imposed by this statute is enjoined, than to hold that it was intended to impose the duty upon the owner in fee of the factory building, who may not sustain any relation to the employees injdie factory from which the duty to provide for their safety could, be implied, and who may not even know that his building is being used as a factory or workshop.
There is nothing in the provisions of the section in relation to tenement houses and inns and public houses, which militates against the views above expressed in regard to owners of . factories and workshops.

Judgments affirmed.

OweN, J.,' dissented.